Good morning, Your Honors. Vinay Tri for Narendra J. Singh. This case has kind of a lengthy procedural history at the administrative level. At this point, we have two consolidated petitions for review, one on the underlying merits and the other on the ineffective assistance claim. As to the petition on the underlying merits, the first issue is whether administrative remedies have been exhausted. The petitioner, my client, did not address the issue of changed country conditions explicitly in his notice of appeal, and his attorney didn't file a brief for him. Nevertheless, the Board did address the issue on its own in the course of its decision denying my client's applications for relief. So I think that under the Court's decision in Sagarmark, the policy aim of allowing the agency to correct its own errors has been fulfilled. And for that reason, I think it would be appropriate for the Court to address the merits of the Board's decision regarding changed country conditions. As to that decision, I think the first thing to note is that the Board appeared to apply an incorrect regulatory standard in deciding whether to use the wrong standard, or that the BIA failed to make an individualized assessment based on changed country conditions. In India, wouldn't the remedy be for the BIA to perform the proper individualized assessment using the proper standard? I note that neither of you cite Lopez v. Ashcroft, but that's what that case seems to say. I would concede that. I do think that ultimately the – it's hard to get around Lopez's interpretation of Ventura that if the Board applied incorrect standards and failed to make an individualized inquiry, the appropriate remedy would be to allow the Board another opportunity on that issue. And I think it is clear that the Board did apply both the and failed to apply the proper individualized analysis. As to the application of the regulation, the Board first declined to endorse the credibility determination of the immigration judge, and then said, nevertheless, we agree that the evidence is sufficient to rebut a presumption that my client will more likely than not be persecuted in – upon return to India. The Board then went through a brief and kind of general discussion of country conditions, and then said, therefore, he's ineligible for asylum. And only after that did the Board go to the issue of withholding. So I think it's clear that this more likely than not rebuttal standard is what the Board applied to the asylum application. The problem is that's not the proper standard for assessing whether that evidence establishes by preponderance of the evidence that he no longer has a well-founded fear of future persecution. And it's – that's – it's far more difficult on rebuttal to prove that than to prove merely that the applicant no longer has a 51 percent chance of future persecution, which is what the more likely than not standard that the Board applied seems to imply. And furthermore, I think the individualized inquiry that's necessary was not undertaken here. The – the Board basically, in deciding the issue of changed country conditions, assumed, for the purposes of argument, that my client was credible. His credible testimony included testimony after the date of any of the country condition evidence in the record that the police continue to come to his home. The – the portions of the record that the Board cited in finding that country conditions had changed were extremely general. They – they discussed recent peaceful elections. There was a broad statement about a growing appreciation for human rights in Punjab. There was also a statement, I think, an inference from the peaceful elections that – that Sikhs were – were growing in their willingness to forego violent means to affect political change. But none of that predated country condition information could possibly rebut on an individualized level my client's testimony, which the Board accepted as – or the Board accepted for the purposes of assessing country conditions as credible, that the police continue to come to his home and inquire about his whereabouts. So I don't – I don't think that the individualized inquiry that is required was made here. There was – and it's also a mixed record. The 1998 report discussed the prevalence of custodial torture throughout India. That report also discusses Amnesty International allegations about police obstruction in an investigation into the disappearance of a human right – of a Sikh human rights worker just once in cholera, and also discusses another Sikh leader being held for months without charge. And I believe at the time of that report, he was still in custody without charge. So I don't think that the proper individualized inquiry was made here. So for all these reasons, I would think at least a remand is warranted. Okay. I think we've got your argument in hand. Let's hear from the government, and then to the extent you need rebuttal, you've got enough time for it. May it please the Court, my name is Ernesto Molino with the U.S. Department of Justice's Office of Immigration Litigation, and I represent the Respondent Alberto Gonzalez in this case. In this case, the Court confronts an alien who failed the challenge, the changed country conditions finding of an immigration judge, which was endorsed by the Board of Immigration Appeals, and now seeks to raise that challenge for the first time before this Court. But, of course, the BIA nonetheless addressed the issue, so it's not as though this is a surprising issue to the BIA. Well, Your Honor, it is in terms of the argument that Mr. Singh would like to raise. He would like to argue that the 1998 State Department report trumps the 1997 addendum. Well, no. What he's really arguing here is that the BIA used the wrong standard. If the Court is... It appears to have done. If the Court is talking about the burden of rebutting the presumption, the actual answer is no, the Board did not apply the incorrect standard. First, an asylum application is also a withholding application. So the fact that the Board sided to the withholding regulations merely means the Board addressed the withholding presumption, but may not have addressed the asylum presumption. Well, but isn't that an error? I'm sorry, well... Yes, it is a slightly different standard. So it's a 10% standard when it's asylum. They didn't address that. Isn't that correct? That is not exactly correct, Your Honor. The problem is when the Court goes to the Board's actual decision, the Board expressly shows that it's aware of what the immigration judge was discussing, and actually cites the immigration judge's decision regarding the rebuttal of the asylum evidence. But it doesn't cite the standard or even indicate that it knows it. It seems to be aware of the immigration judge's participation or interpretation. But, you know, we read what they said, and they said, he failed to satisfy the clear probability standard. There's no finding by the Board as to the asylum standard. Correct? There is no direct statement regarding asylum. No direct. There is no statement. Well, there's evidence that the Board is aware of it. Wait a minute. There's no statement. Isn't that right? There is no direct statement. Why do you put in direct? There is no statement. Because there is an inferential statement, Your Honor. What is an inferential statement? Well, that is, again, when the Board cites the immigration judge's discussion. Contextually, we understand... But where does it cite that? That's at page 249, or excuse me, 549 or 550 of the... My page is at number 332. I don't know. I'm sorry, Your Honor. I'm citing to the second administrative record. It would be about page 332 in the first administrative record before the Court. So with that regard... Can you read it? I can certainly pull it. Hold on. Let's see this indirect statement. Let's see. Well, it looks like I'm looking to the wrong page. That has to be it. Oh. Here we go. It's at page 166 of the administrative record you have, Your Honor. I'm sorry if I went to all pages. Is the information somehow different than yours? Well, it looks like it, Your Honor. I mean, I've got the administrative record in case 04-76397. And you're saying it's page 166? 166 in the other administrative record. All right. I've just got a big chart here. Yeah, it's discussed on page 36 of the government's brief, original brief, where it says, Nevertheless, even assuming arguendo that the respondent testified credibly and established past persecution, we agree with the immigration judge that the evidence of record demonstrates changed circumstances sufficient to overcome the presumption that the respondent will more likely than not suffer persecution in India, citing the immigration judge's decision in pages 11 and 12. There, the immigration judge discusses the asylum standard. What we have is the board reaching an agreement with the immigration judge. Contextually, we can understand the board to be applying the correct standard, which is why I used the direct adjective in response to the court's question. So, again, it's not that the board applied the correct standard. At worst, it's not that the board applied the incorrect standard. It's that we don't know what the board's decision would be regarding asylum. Well, if that were the case, then does it need to be remanded? No, not necessarily, Your Honor. And that's going to depend in part on the exhaustion argument. The government's argument is that But you don't, you don't, neither of the parties talk about Sagermark versus INS. Doesn't that have some application to your exhaustion argument? It does in this respect, Your Honor. In Sagermark, the court was concerned with where the Board of Immigration Appeals applied an incorrect standard. And the court was trying to decide whether or not to remand the case. And the court said that, well, we look at this evidence and we can see that as a matter of law that the evidence was insufficient on the petitioner's side. Therefore, we don't need to remand. Now, in this case, it's very similar in that Mr. Singh provided no evidence to rebut the evidence provided by the government regarding current country conditions. All he wants to rely on is a single statement that the police visited his parents. They didn't mistreat the parents. They didn't threaten the parents. There's nothing other than the isolated statement, the police visited my parents. Now, the board took this into consideration. The board expressly stated, based on these changed country conditions, we find that any person who's contacted because of providing assistance to terrorists is going to be only subject to a proper investigation and possible criminal prosecution. Now, the board made the affirmative finding in that direction. That really renders any error regarding the standard applied harmless. We have the affirmative finding of the board. This gentleman, under his circumstances, will face only a proper investigation, no torture, and may face criminal prosecution but will not be subject to persecution. Because of that finding, like in Sagermark, any error is harmless. Well, is it your position that the BIA did do an individualized assessment based on changed country conditions? The Board of Immigration Appeals under Matter Burbano states that whenever it looks at a record, it looks at it for itself. The circumstance of this case suggests that the board did look at the record for itself but also looked to see what the immigration judge had held to understand what issues might be before it and determined that it was in agreement with the immigration judge. So we have the Board of Immigration Appeals decision that is subject to the court's review. But it is further elucidated by its reference to the immigration judge's decision. So are we supposed to just incorporate by reference all of that reasoning into the BIA? No. That's what I'm hearing you say, to make it complete. The fact that they mentioned it, we incorporate it, and then end of story. It is not an incorporation by reference. The goal of the court is to determine whether the decision before it is adequate to conduct further review. The government has pointed out evidence that the board was aware of what the actual standard is, was aware of what the immigration judge had found, and simply provided perhaps a misstatement but certainly applied one correct standard without discussing the other. But the immigration judge's reference should be sufficient for the court to conduct review in that respect. Now, I see that in the course of discussing that, I also discussed how the board provided individualized analysis based on the country conditions report. I further see that my time is running out. Counsel did not address the ineffective assistance of counsel claim per se, so I don't want to go into that unless the court has further questions on that. I'll summarize. Is the government's position that in this case Mr. Singh failed to challenge the immigration judge's changed country conditions finding? The board did provide an individualized assessment of the record  albeit it may have cited the withholding regulation. Still, that is sufficient for the court to conduct its review of this case, as provided in Sagermark any error was harmless insofar as there was no evidence presented on the other side regarding current country conditions. Accordingly, the government urges the court to affirm the board's decision and deny the petitions for review. All right. Thank you. You've saved some time for rebuttal. Your Honors, just to clarify what exactly the immigration judge said at pages 10, 11, or 11 and 12 of the transcript, the part that from page 166 of the administrative that the board might seek, maybe sought to incorporate a reference there. The IJ said on the question of change conditions in the Punjab, there have been some substantial changes set forth in exhibits 10, 11, and 12, which in this Court's opinion would convincingly rebut any presumption that he will suffer persecution in India at this time based upon race, religion, nationality, membership in a particular social group or political opinion. Let there be no mistake, however, that this Court's finding is that because he's an incredible witness, ellipses. The standard the IJ used was incorrect itself. After the IJ's finding, they would find, you know, I see your point. The IJ's finding, A, was colored by his credibility view. And B, talks about a presumption that he will be, that he will face persecution upon return. And not any presumption that he would have a well-founded fear or the withholding standard, but some other presumption, basically a presumption of certainty that he would be persecuted upon return. So that's the first point. Even if the Court were to find that the board validly incorporated by reference the IJ's decision, the IJ used a standard that was even further afield than the standard the board explicitly used in its decision. As to the issue of ineffective assistance, if the Court is interested in hearing any argument on that. I don't think you have a very good argument on that. Well, you know, I'll tell you that just because it's, I'm having difficulty seeing how, even though I think that there's some, I'm not agreeing with everything that the attorney did. But how he could be ineffective for not raising change country conditions when the IJ specifically stated, immediately after mentioning the new evidence on country conditions, that his decision rested on an adverse credibility determination. So that's, you know, that's what the attorney, you know, was focusing on. And that was clearly stated by the IJ. I'd like to add that I agree with Judge Callahan. So you've got a very tough thing to argue that. Okay. And I guess this is apart from the issues that the board had with it, which I was prepared to address, if necessary. And in any event, you might get what you need on the straightforward merits of the petition. Excuse me, Your Honor. In any event, you may get yourself a remand to the board on this question of change country conditions, and you don't need the IAC. That's correct, Your Honor, because I don't think the proper standard was applied in this case, or an individual's inquiry was made. Thank you. Okay. Thank both sides for your useful argument. The case of Singh v. Gonzalez, with the number previously read, is now submitted for decision.
judges: Noonan, W.fletcher, Callahan